PER CURIAM:
This claim was submitted for decision based on the allegations of the Notice of Claim and the respondent’s Answer.
Claimant seeks payment of the sum of $3,556.66 for overtime worked at respondent’s Colin Anderson Center from March 3,1976, through August 31,. 1977.
In its Answer, the respondent admits the allegations of fact set forth in the Notice of Claim, but states further that the claimant was not paid by the Department of Health because there were not sufficient funds on hand in the appropriation for the fiscal year in question from which the claim could have been paid.
The decision of this Court in Airkem Sales and Service, et al. v. Dept. of Mental Health, 8 Ct. Cl. 180 (1971), was based upon West Virginia Code 12-3-17, which prohibits any State officer from authorizing or paying any account incurred during any fiscal year out of the appropriation for the following year.
However, in a subsequent case, this Court held that claims for personal services will not be denied (as are those for merchandise or services rendered under contract), since the balance in the personal services account is immaterial. Elva B. Petts and James M. Preston v. Division of Vocational Rehabilitation, Claim Nos. *25 D-927d and D-927i. See also Jack L. Rader v. Dept. of Health, Claim No. CC-78-223.
The Court therefore finds the respondent liable for the overtime worked by the claimant, and hereby makes an award to the claimant in the amount agreed upon by the parties.
Award of $3,556.66.